UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

GEORGE P. PERSICO,

                Plaintiff,

       -v-                               1:19-CV-541

MICHAEL F. CASSADEI,
ANNMARIE NERI, and
CASSADEI & NERI,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| APPEARANCES: | OF COUNSEL: |
|---|---|
| CAMARDO LAW FIRM P.C.<br>Attorneys for Plaintiff<br>127 Genesee Street<br>Auburn, NY 13021 | JUSTIN T. HUFFMAN, ESQ. |
| HIGGINS, ROBERTS LAW FIRM<br>Attorneys for Defendants<br>1430 Balltown Road<br>Schenectady, NY 12309 | MICHAEL E. BASILE, ESQ. |

DAVID N. HURD
United States District Judge

## MEMORANDUM–DECISION and ORDER

### I. INTRODUCTION

On May 7, 2019, plaintiff George P. Persico ("Persico" or "plaintiff"), proceeding *pro se*, filed an unjust enrichment claim against defendants Michael F. Cassadei (Cassadei") and Annmarie Neri ("Neri"). Dkt. No. 1. According to plaintiff's seven-count complaint, Cassadei and Neri (collectively "defendants"), working together as partners, failed to provide certain agreed-upon real estate services to plaintiff while he traveled out of state.

On June 7, 2019, defendants answered Persico's complaint.[1] Dkt. No. 8. Thereafter, plaintiff filed *pro se* motions seeking the appointment of a federal prosecutor to investigate defendants' allegedly criminal activities. Dkt. Nos. 15, 17. Those motions were denied by U.S. Magistrate Judge Christian F. Hummel on June 21, 2019. Dkt. No. 18. At plaintiff's request, Judge Hummel adjourned an initial discovery conference to afford plaintiff time in which to locate and hire an attorney. Dkt. Nos. 21-22.

On August 16, 2019, Persico advised the Court that he intended to proceed without the help of a lawyer after all. Dkt. No. 23. That notice was followed by a smattering of *pro se* filings in advance of the initial discovery conference that had been placed back on the Court's calendar. Dkt. Nos. 25, 26, 28, 29, 31, 32, 34, 36, 37.

On September 10, 2019, Judge Hummel held the initial pretrial conference between the parties, answered questions about federal court practice that were raised by Persico, and sent the parties off with a schedule outlining how they should conduct discovery. Text Minute Entry at 10/10/19; *see also* Dkt. No. 89 (transcript of proceedings).

This set off another round of *pro se* filings, Dkt Nos. 40, 41, 42, 43, which led to the scheduling of a second conference with Judge Hummel, Dkt. No. 44; *see also* Dkt. Nos. 45-46 (additional *pro se* filings). There, Judge Hummel addressed plaintiff's latest filings and answered more questions about the discovery process, motion practice, and trial preparation issues. Text Minute Entry at 10/21/19.

This pattern continued. However, thanks to repeated interventions by Judge Hummel, the parties managed to conduct discovery into Persico's claim(s) over the next six or so

---

[1] Defendants also answered on behalf of a host of additional named entities that have since been dismissed from this action. *See* Defs.' Mem., Dkt. No. 92-1 at 5 n.1.

months.  *See, e.g.*, Dkt. Nos. 47-48 (plaintiff filing motions), 50 (Court addressing motions), 51-56 (plaintiff filing new motions), 57 (Court addressing motions), 67-68 (filing), 69 (addressing), 70-71 (filing), Text Minute Entry at 1/23/20 (addressing latest filings and summarizing new rulings).

On March 20, 2020, Persico moved under Rule 56 of the Federal Rules of Civil Procedure for summary judgment against defendants.  Dkt. No. 91.  According to plaintiff, he had established as a matter of law that defendants had been unjustly enriched at his expense.  *Id*.  Shortly afterward, defendants moved for summary judgment, too.  Dkt. No. 92.  In that filing, defendants recounted the parties' shared history and asserted that plaintiff has no facts on which to base his claim that defendants owed him money.  *Id*.  More filings by both parties followed, Dkt. Nos. 93-97, including a second motion by plaintiff for summary judgment, Dkt. No. 98, an assortment of supporting documents, Dkt. Nos. 99-110, and a third motion by plaintiff for summary judgment, Dkt. No. 111.

On May 6, 2020, Justin T. Huffman, Esq. entered a notice of appearance on behalf of Persico, Dkt. No. 112, and wrote to this Court to request an adjournment of the briefing schedules so that plaintiff might have an opportunity to submit additional briefing on the summary judgment issues in a proper counseled filing, Dkt. No. 113.  That request was granted the very next day.  Dkt. No. 114.

On May 21, 2020, Persico filed a counseled response in opposition to defendants' motion for summary judgment.  Dkt. No. 115.  Defendants filed a reply along with some supplemental briefing.  Dkt. Nos. 116-121.  The motions—all of them—are now fully briefed.  They will be considered on the basis of the submissions without oral argument.

## II. BACKGROUND

Persico is a disabled veteran. Persico Dep., Dkt. No. 115-2 at 12:15-16. He owned a house at 52 Romeyn Avenue in Amsterdam, New York. *Id*. at 15:14-15, 17:10-17. However, plaintiff was not always present at the property because he often traveled out of state. *Id*. at 12:15-13:7. In 2010, Neri introduced plaintiff to Cassadei. Persico Dep. at 60:24-61:7. The two became friends. Defs.' Statement of Material Facts ("Defs.' Facts"), Dkt. No. 92-5 ¶ 3. Cassadei expressed interested in buying the Romeyn Avenue property from plaintiff, but no purchase was ever made because the property was in a state of disrepair. *Id*. ¶¶ 4-6.

For a short period of time, Cassadei offered to help Persico find tenants for the Romeyn Avenue property. Defs.' Facts ¶ 9. However, Cassadei was not compensated for these efforts and never agreed to be responsible for the property in any way. *Id*. ¶¶ 9, 13. Plaintiff never gave defendants any money or assets and defendants never took any money to which plaintiff is entitled. *Id*. ¶¶ 10-12. The property was later sold for $25,157. *Id*. ¶ 7.

## III. LEGAL STANDARD

The entry of summary judgment is warranted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment is a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing FED. R. CIV. P. 56(c)). A fact is "material" for purposes of this inquiry if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). And a "genuine" dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*.

"When deciding a summary judgment motion, a court must resolve any ambiguities

and draw all inferences from the facts in a light most favorable to the nonmoving party." *Ward v. Stewart*, 286 F. Supp. 3d 321, 327 (N.D.N.Y. 2017) (citation omitted).  Accordingly, summary judgment is inappropriate where a "review of the record reveals sufficient evidence for a rational trier of fact to find in the [non-movant's] favor."  *Treglia v. Town of Manlius*, 313 F.3d 713, 719 (2d Cir. 2002) (citation omitted).

"Where, as here, the parties have cross-moved for summary judgment, a reviewing court 'must evaluate each party's motion on its own merits, taking care in each instance to draw all reasonable inferences against the party whose motion is under consideration.'"  *Ward*, 286 F. Supp. 3d at 327 (quoting *Marcano v. City of Schenectady*, 38 F. Supp. 3d 238, 246 (N.D.N.Y. 2014) (McAvoy, J.)).  "In undertaking this analysis, it bears nothing that 'a district court is not required to grant judgment as matter of law for one side or the other.'"  *Id*.

## IV. **DISCUSSION**

The Court's review of the filings in this dispute suggests the following:  (1) Cassadei befriended plaintiff, who likes to travel around the country in an RV; and (2) Cassadei offered to help find some tenants for the Romeyn Avenue property while plaintiff was on one of his long RV trips.  The basis of the lawsuit is plaintiff's claim that Cassadei is some kind of fraudster who took the rental money owed to plaintiff and kept it for himself until 2017, when plaintiff finally sold off the Romeyn Avenue property.

Defendants contend that Persico's suit must be dismissed because he has failed to

establish the elements of a common law conversion[2] claim under New York law. Defs.' Mem., Dkt. No. 92-1 at 6. According to defendants, the undisputed facts show that neither defendant ever took any money from plaintiff. *Id*. at 5. In his counseled[3] opposition, plaintiff responds that issues of fact preclude summary judgment because there is evidence showing defendants damaged the Romeyn Avenue property and refused to turn over certain rent money owed to plaintiff. Pl.'s Opp'n, Dkt. No. 115 at 8-10. Defendants reply that plaintiff failed to comply with the Local Rules on summary judgment and that, in any event, plaintiff cannot show that either defendant took any of his money or damaged the property. Defs.' Reply, Dkt. No. 116 at 3-7.

As an initial matter, the Court is skeptical about whether this case is properly in federal court at all. *See, e.g.*, *U.S. Liab. Ins. Co. v. M Remodeling Corp.*, 444 F. Supp. 3d 408, 409 (E.D.N.Y. 2020) (examining subject matter jurisdiction *sua sponte*). By all appearances, this is a suit under New York law to recover on one or both defendants' taking of rent money for, and/or committing damage to, the Romeyn Avenue property.

Under 28 U.S.C. § 1332(a), a federal district court may exercise jurisdiction over a purely state law claim, but only if plaintiff and defendant are citizens of different states and the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs. The diversity-of-citizenship requirement appears satisfied, since Persico is a North

---

[2] Persico's *pro se* complaint characterized his claim as one for unjust enrichment, compl. ¶ 2, and his counseled opposition to defendants' motion for summary judgment analyzes it on both grounds; *i.e.*, for unjust enrichment or, alternatively, for conversion, Dkt. No. 115. The Court will consider both claims.

[3] The Court construes Persico's earlier *pro se* filings broadly and with solicitude for his status as an uncounseled litigant, but plaintiff's counseled opposition will be held to the same standards expected of any other represented party. *See, e.g.*, *Forjone v. Dep't of Motor Vehicles*, 414 F. Supp. 3d 292, 298 (N.D.N.Y. 2019) (explaining Second Circuit's guidance in this area).

Carolina domiciliary and defendants appear to live in New York.  *See, e.g.*, *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (explaining that a party's domicile is "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning").

The $75,000 question is whether Persico's alleged damages are enough to permit the exercise of jurisdiction under § 1332.  "A party invoking the jurisdiction of the federal court has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount."  *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994) (quoting *Moore v. Betit*, 511 F.2d 1004, 1006 (2d Cir. 1975)).

Persico alleged that his claim meets this jurisdictional threshold.  Compl. ¶ 5.  From the pleading, plaintiff appears to claim that he was owed rent money in the amount of $1,200 per month from Cassadei, who failed or refused to pay some or all of this amount between 2013 and 2017.  *See id*. ¶ 9.

Even assuming a total loss of $1,200 per month for a full sixty months (between January 1, 2013 and December 31, 2017), the amount in dispute would only amount to $72,000, which is shy of the $75,000.01 minimum of § 1332(a).  However, plaintiff does go on to allege that he *also* lost $25,000 for the value of certain general improvements to the Romeyn Avenue property, compl. ¶ 15, a sum which when added to the alleged $72,000 loss of rental money would bump plaintiff comfortably over the jurisdictional minimum.  Accordingly, the Court will proceed to the merits of the parties' motions for summary judgment.

Upon review of those motions, defendants' motion will be granted.  First off, Persico's

counsel failed to file a response to defendants' Statement of Material Facts after being given an extension of time in which to file proper briefing.  Where, as here, the non-movant fails to file a proper responsive submission to a defendant's statement of facts, "[t]he Court shall deem admitted any properly supported facts set forth in the Statement of Material Facts that the opposing party does not specifically controvert."  N.D.N.Y.L.R. 7.1(a)(3); *see also* FED. R. CIV. P. 56(e)(2) (permitting the court to consider improperly supported or inadequately addressed facts as undisputed).[4]  Accordingly, defendants' Statement of Material Facts is deemed admitted for the purpose of summary judgment.

Those admitted facts defeat Persico's claim(s).  "To prevail on a claim for unjust enrichment in New York, a plaintiff must establish 1) that the defendant benefitted; 2) at the plaintiff's expense; and 3) that 'equity and good conscience' require restitution."  *Kaye v. Grossman*, 202 F.3d 611, 616 (2d Cir. 2000).  To prevail on a claim for conversion in New York, a plaintiff must allege:  "(1) the property subject to conversion is a specific identifiable thing; (2) plaintiff had ownership, possession or control over the property before its conversion; and (3) defendant exercised an unauthorized dominion over the thing in question, to the alteration of its condition or to the exclusion of the plaintiff's rights."  *Alzheimer's Disease Res. Ctr., Inc. v. Alzheimer's Disease & Related Disorders Ass'n, Inc.*, 981 F. Supp. 2d 153, 163 (E.D.N.Y. 2013) (quoting *Moses v. Martin*, 360 F.

---

[4] This happens all too frequently.  *See, e.g.*, *Frantti v. New York*, 414 F. Supp. 3d 257, 285 (N.D.N.Y. 2019) (deeming certain of movant's facts true where plaintiff's counsel failed to comply with relevant Local Rule); *Carter v. Broome County*, 394 F. Supp. 3d 228, 238-39 (N.D.N.Y. 2019) (faulting both parties for injecting unnecessary confusion into the summary judgment briefing); *Alke v. Adams*, 2018 WL 5297809, at *1-*3 (N.D.N.Y. Oct. 25, 2018) (admonishing non-movant's counsel for failing to include responsive statement of material facts), *aff'd*, 2020 WL 5264537 (Sept. 4, 2020) (summary order).

Supp. 2d 533, 541 (S.D.N.Y. 2004)).[5]

Although Cassadei offered to help Persico find paying tenants, Cassadei was not compensated for those efforts and never agreed to be responsible for the property. Defs.' Facts ¶¶ 9, 13. Plaintiff never gave defendants any money or assets and defendants never took or kept any money or assets to which plaintiff is entitled. *Id.* ¶¶ 10-12. In sum, then, neither defendant has benefitted at plaintiff's expense, and there is no specific, identifiable fund from which a conversion claim can be satisfied.

Even if you put aside those admitted facts, Persico's own arguments would be insufficient to show that Cassadei received money from one or more tenants that should have gone to plaintiff. Plaintiff's opposition relies on his deposition, at which he initially testified that he believed Cassadei told him he had received money from at least one of the tenants. Pl.'s Opp'n at 11-12. Upon further questioning, plaintiff explained that he knew this because he had called Cassadei, asked him to send any rent money he had received (less a fee for his services), and that Cassadei had in fact sent him a personal check for $500. *Id.*

If anything, this shows that Cassadei sent whatever money he collected. This is especially so since elsewhere in the deposition Persico conceded that his belief that Cassadei took more money than this single $500 payment is based only on plaintiff's "assumptions." Persico Dep. at 199:7-200:4. And as defendants point out in reply, plaintiff does not know how much more money Cassadei ever collected (if any), does not have a copy of any checks (if any), and does not have any documents showing that any tenants ever

---

[5] A claim for conversion is inappropriate to enforce a mere obligation to pay money, but may be used if there is a specific, identifiable amount capable of being described in the same manner as specific chattel, such as a single wire transfer to a bank account in a specific amount. *Alzheimer's Disease Res. Ctr., Inc.*, 981 F. Supp. 2d at 163-64.

agreed to pay Cassadei any amount. Defs.' Reply at 6-7. In short, plaintiff has failed to marshal evidence from which a reasonable jury could find in his favor on either of his state law claims. Accordingly, defendants' motion for summary judgment will be granted.[6]

## V. CONCLUSION

Therefore, it is

ORDERED that

1. Defendants' motion for summary judgment (Dkt. No. 92) is GRANTED; and

2. Plaintiff's motions for summary judgment (Dkt. Nos. 91, 98, 111) are DENIED.

The Clerk of the Court is directed to terminate all of the pending motions, enter a judgment dismissing the complaint, and close the file.

IT IS SO ORDERED.

Dated: October 20, 2020
       Utica, New York.

United States District Judge

---

[6] Because defendants' motion will be granted, plaintiff's motions will be denied.