UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

GEORGE P. PERSICO,

                Plaintiff,

    -v-                                          1:19-CV-541

MICHAEL F. CASSADEI,
ANNMARIE NERI, and
CASSADEI & NERI,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| APPEARANCES: | OF COUNSEL: |
|---|---|
| CAMARDO LAW FIRM P.C.<br>Attorneys for Plaintiff<br>127 Genesee Street<br>Auburn, NY 13021 | JUSTIN T. HUFFMAN, ESQ. |
| HIGGINS, ROBERTS LAW FIRM<br>Attorneys for Defendants<br>1430 Balltown Road<br>Schenectady, NY 12309 | MICHAEL E. BASILE, ESQ. |

DAVID N. HURD
United States District Judge

## DECISION and ORDER

## I. INTRODUCTION

On May 7, 2019, *pro se* plaintiff George P. Persico ("Persico" or "plaintiff") filed an unjust enrichment claim against defendants Michael F. Cassadei (Cassadei") and Annmarie Neri ("Neri"). Dkt. No. 1. According to plaintiff's seven-count complaint, Cassadei and Neri (collectively "defendants") improperly retained money they collected on plaintiff's behalf while he traveled out of state.

After the parties conducted discovery, Persico, still *pro se*, moved under Rule 56 of the Federal Rules of Civil Procedure for summary judgment. Dkt. No. 91. According to plaintiff, he had established as a matter of law that defendants had been unjustly enriched at his expense. *Id*. Shortly afterward, defendants also moved for summary judgment. Dkt. No. 92. In their filing, defendants recounted the parties' history and asserted that plaintiff has no facts on which to base his claim that defendants actually owed him any money. *Id*. The parties extensively briefed those cross-motions. *See, e.g.*, Dkt. Nos. 93-111.

On May 6, 2020, Justin T. Huffman, Esq. entered a notice of appearance on behalf of Persico, Dkt. No. 112, and wrote to this Court to request an adjournment so that plaintiff could submit additional briefing on the summary judgment issues in a proper counseled filing, Dkt. No. 113. That request was granted. Dkt. No. 114. Thereafter, plaintiff filed a counseled response in opposition to defendants' motion for summary judgment. Dkt. No. 115.

On October 20, 2020, a Memorandum–Decision & Order granted defendants' motion for summary judgment. *Persico v. Cassadei*, 2020 WL 6146612 (N.D.N.Y. Oct. 20, 2020). Persico has moved for reconsideration pursuant to Local Rule 7.1(g). The motion has been fully briefed and will be consideration on the basis of the submissions without oral argument.

## II. BACKGROUND

Persico is a disabled veteran. Persico Dep., Dkt. No. 115-2 at 12:15-16. He owned a house at 52 Romeyn Avenue in Amsterdam, New York. *Id*. at 15:14-15, 17:10-17. However, plaintiff was not always present at the property because he often traveled out of state. *Id*. at 12:15-13:7. In 2010, Neri introduced plaintiff to Cassadei. Persico Dep. at 60:24-61:7. The two became friends. Defs.' Statement of Material Facts ("Defs.' Facts"), Dkt. No. 92-5 ¶ 3.

Cassadei expressed interested in buying the Romeyn Avenue property from plaintiff, but no purchase was ever made because the property was in a state of disrepair. *Id*. ¶¶ 4-6.

For a short period of time, Cassadei offered to help Persico find tenants for the Romeyn Avenue property. Defs.' Facts ¶ 9. However, Cassadei was not compensated for these efforts and never agreed to be responsible for the property in any way. *Id*. ¶¶ 9, 13. Plaintiff never gave defendants any money or assets and defendants never took any money to which plaintiff is entitled. *Id*. ¶¶ 10-12. The property was later sold for $25,157. *Id*. ¶ 7.

## III. LEGAL STANDARD

A motion for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Utica Mut. Ins. Co. v. Century Indem. Co.*, 2018 WL 6258560, at *1 (N.D.N.Y. Nov. 30, 2018) (citation omitted). "Accordingly, a court's previous ruling will only be reconsidered if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice." *Id*. (cleaned up).

## IV. DISCUSSION

In granting summary judgment to defendants, the Court in *Persico* determined that plaintiff's attorney had failed to submit a proper responsive submission to defendant's statement of material facts and deemed those facts admitted for the purpose of summary judgment. *Id*. at *4. Based on those admitted facts, *Persico* concluded that plaintiff had not marshaled evidence in discovery to create a jury question on his claim(s), regardless of whether the relief he sought was characterized as sounding in conversion or unjust

enrichment. 2020 WL 6146612 at *4-*5. *Persico* further concluded that, "[e]ven if you put aside those admitted facts," plaintiff's own arguments were insufficient to establish a viable claim. *Id*. at *5. As the Court explained, plaintiff's deposition testimony established that his belief that Cassadei had wrongfully kept money from him was based entirely on his own "assumptions" about Cassadei's behavior. *Id*.

Persico offers three reasons why reconsideration should be granted. Pl.'s Mem., Dkt. No. 124-1 at 4.[1] First, plaintiff argues that defendants improperly filed their statement of material facts. *Id*. Second, plaintiff claims that new evidence—in the form of two $500 checks that defendants sent to plaintiff—establishes that there was in fact a business agreement between the parties. *Id*. Third, plaintiff contends that the grant of summary judgment failed to address plaintiff's separate $25,000 claim for lost improvements. *Id*.

Upon review, these arguments will be rejected. First, Persico claims that "Defendants' filings did not adequately notice the Plaintiff that it had even complied with the rule requiring a separate Statement of Material Facts." Pl.'s Mem. at 5-6. As plaintiff explains, (1) the notice of motion failed to identify any separate statement of facts; and (2) defendants failed to use the correct CM/ECF docketing entry. *Id*. at 6. According to plaintiff, it was "concealed" as a generic "Exhibit." *Id*. As a result, plaintiff failed to recognize the document for what it was—a Statement of Material Facts filed pursuant to Local Rule 7.1(a)(3). *Id*.

There is no dispute that defendants filed a Statement of Material Facts in support of their motion for summary judgment. Dkt. No. 92-5. It is attached to their moving papers as a separate document. *Id*. Although this document is labeled as a generic "exhibit" on the

---

[1] Pagination corresponds to CM/ECF.

CM/ECF electronic docketing system, the reader who clicks through to open the attached file and reads the heading can see it for what it is: a statement of material facts filed pursuant to the relevant Local Rule. *Id*. It is labeled as one. *Id*. It sets forth purportedly undisputed facts in a series of separate numbered paragraphs. *Id*. Defendants have established that they mailed this document to plaintiff on March 25, 2020. Ex. A to Basile Aff., Dkt. No. 125-2 at 5. And the Court's internal notice system reflects that these documents were also electronically transmitted to plaintiff at an e-mail address he supplied to the Clerk of the Court.

Persico does not contest any of this. Instead, his attorney's argument seems to be that he just did not think to look at this particular "Exhibit" when drafting his response. But that is no excuse. As much as the Court might prefer that every party use the correct ECF event when entering documents in the electronic docketing system, perfection is not the standard of practice in this District. Accordingly, this argument does not provide a basis for reconsideration.

Second, Persico contends he has "newly discovered" evidence in the form of two $500 checks from Cassadei. Pl.'s Mem. at 7. According to plaintiff, "[a]t the time the [summary judgment] motions were being brief[ed], Plaintiff was in the process of attempting to obtain the canceled checks from his bank." *Id*. In plaintiff's view, these checks are evidence that defendants received a benefit from plaintiff and provide "physical proof" corroborating an agreement between the parties. *Id*. at 8.

This argument is also rejected. As an initial matter, Persico's own arguments confirm that this is *not* "newly discovered" evidence but evidence of which plaintiff was aware at the time of the briefing on the summary judgment motions. If plaintiff needed more time to

secure physical copies of these checks to properly oppose the motion (or support his own), the appropriate thing to do was seek an extension of time on that basis—not to lose the motion and then move to reconsider when the checks finally came in.

Even assuming that amounted to a permissible approach, the Court agrees with defendants that "[t]he copies of checks do not change the analysis and therefore should not alter the conclusion reached by the court."  Def.'s Opp'n, Dkt. No. 125 at 5.  Evidence that establishes a financial connection between the parties might have been helpful in discovery or at trial but it does not actually establish the necessary elements of either of plaintiff's claim(s) for relief, which both require some evidence tending to show that the defendant *kept* or *retained* property rightly belonging to the plaintiff.  At best, the checks establish that plaintiff received two $500 checks, not that defendants wrongfully kept *more* money from plaintiff.  Accordingly, this argument does not provide a basis for reconsideration.

Third, Persico claims the Court overlooked his allegedly separate claim for $25,000 in damages associated with "general property improvements which were lost as a result of Defendants' actions."  Pl.'s Mem. at 9.  According to plaintiff, these were separate causes of action and needed to be treated that way.  *Id*.  In plaintiff's view, this was a distinct claim for "waste" under New York law.  *Id*. at 9-10.  Plaintiff argues this claim should survive because he "has demonstrated significant destruction, misuse, alteration, or neglect of his premises, which was lawfully in the possession of Defendants, to Plaintiff's prejudice."  Pl.'s Mem. at 10.

This argument is also rejected.  Persico concedes, as he must, that the Court acknowledged plaintiff's $25,000 claim for lost value based on "certain general improvements to the Romeyn Avenue property" as part of its summary judgment opinion.  *Persico*, 2020

- 6 -

WL 6146612, at *4.  Plaintiff argues that the Court failed to consider this claim as a separate cause of action for "waste" under New York law.  As the Second Circuit has explained:

> The common law doctrine of waste emerged in response to problems of divided ownership that occurred when, say, an owner in fee simple granted a tenant an estate in years.  The tenant had an incentive to maximize the stream of benefits that could be realized from the property during the period of his tenancy.  The owner, on the other hand, preferred that the property be managed to so as to maximize the stream of benefits that could be realized over the life of the property.  An action for waste gave the owner a remedy against a tenant who undermined the long-term profit maximizing potential of the property in order to realize short-term gains.

*Travelers Ins. Co. v. 633 Third Assocs.*, 14 F.3d 114, 119-20 (2d Cir. 1994).  As relevant here, New York courts recognize "a substantive cause of action for waste against one in control of real property who does no more than allow the property to deteriorate and decrease in value."  *Id*. (cleaned up).

However, Persico's "waste" theory was not presented in his counseled opposition filing.  Dkt. No. 115.  Even if it were, the admitted facts established that defendants never agreed to be responsible for the property.  *Persico*, 2020 WL 614612, at *5.  Absent evidence of a landlord-tenant relationship, any waste-based claim for relief would fail.  *See, e.g.*, *Carter v. Helmsley-Spear, Inc.*, 861 F. Supp. 303, 335 (S.D.N.Y. 1994) ("The New York formulation of waste—as applied in connection with real property—is limited to matters presenting a landlord-tenant relationship."), *aff'd in relevant part by* 71 F.3d 77, 88 (2d Cir. 1995).  Accordingly, this argument does not provide a basis for reconsideration.

## V. **CONCLUSION**

Therefore, it is

ORDERED that

Plaintiff's motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated: December 3, 2020
       Utica, New York.

United States District Judge